the current market value of $18. The second carload, consisting of the 25.56 short tons, bought at $18 per ton, was to be entered at $18 per ton. However, an employee of the importer testified that in preparing the entry she made a mistake in copying the figures, and instead of using the $18 unit she used $25, although she intended to use the $18 unit value shown on the worksheet. Plaintiff claims this constitutes clerical error within the meaning of section 514 of the Tariff Act of 1930 (19 U. S. C. sec. 1514).

The collector used as the basis for his liquidation an amount obtained by multiplying the $25 a ton rate by the number of tons contained in the carload.

The essence of clerical error is intention. *United States* v. *Wyman & Co.*, 4 Ct. Cust. Appls. 264, T. D. 33485, and *J. J. McQuillan* v. *United States*, 18 C. C. P. A. (Customs) 215, T. D. 44401. Inasmuch as the clerk who prepared the entry stated, in explaining this alleged clerical error, that she intended to use the $18 figure, plaintiff has sustained his burden of proof as to intention.

The power of this court to order a reliquidation in a protest case, for clerical error in the entered value, is limited to cases where the final appraised value is the same or less than the entered value would be, if corrected. *Bernard* v. *United States*, 52 Treas. Dec. 504, T. D. 42525; *S. M. Levor & Co.* v. *United States*, 54 Treas. Dec. 693, Abstract 7361; *C. J. Tower* v. *United States*, 55 Treas. Dec. 1110, Abstract 8470; *J. J. McQuillan* v. *United States*, supra; and *Decorative Plant Co.* v. *United States*, 59 Treas. Dec. 1543, Abstract 15078. The official papers show that the merchandise covered by *pro forma* invoice No. 2 in dispute was appraised at $18 per ton, less nondutiable charges, as evidenced by the appraiser's red-ink notations thereon. Therefore, the final appraised value is the same as the entered value would be, if corrected.

Upon this record, we find and hold that a clerical error was committed in the entry of the merchandise before us; that it was discovered within 1 year after the date of entry; that demand was duly made upon the collector for reliquidation on account of said clerical error; that said demand was refused; and that against such refusal a valid protest was timely filed. Plaintiff's claim is, therefore, sustained.

Judgment will be rendered accordingly.

**No. 57307.**—Chase National Bank *v.* United States, protest 887458–G (New York).

Opinion by EKWALL, J. When this case was called for trial, it was submitted on the same basis as the submission in Abstract 57282, namely, that the right to move to reopen or to set aside the submission was abandoned. An examination of the record failing to disclose evidence sufficient to overcome the presumption of correctness attaching to the collector's classification, the protest was overruled. (*T. M. Duche & Sons* v. *United States*, 39 C. C. P. A. 186, C. A. D. 485, certiorari denied, *T. M. Duche & Sons, Inc.* v. *United States*, 344 U. S. 830, followed.)

**No. 57308.**—Balfour Guthrie Co., Ltd. *v.* United States, protest 888067–G (New York).

Opinion by EKWALL, J. When this case was called for trial, it was submitted on the same basis as the submission in Abstract 57282, namely, that the right to move to reopen or to set aside the submission was abandoned. An examination of the record failing to disclose evidence sufficient to overcome the presumption of correctness attaching to the collector's classification, the protest was overruled.

(*T. M. Duche & Sons* v. *United States,* 39 C. C. P. A. 186, C. A. D. 485, certiorari denied, *T. M. Duche & Sons, Inc.* v. *United States,* 344 U. S. 830, followed.)

**No. 57309.**—F. W. Stock & Sons *v.* United States, protests 902111–G, etc. (New York).

Opinion by EKWALL, J.  When this case was called for trial, it was submitted on the same basis as the submission in Abstract 57282, namely, that the right to move to reopen or to set aside the submission was abandoned.  An examination of the record failing to disclose evidence sufficient to overcome the presumption of correctness attaching to the collector's classification, the protest was overruled.  (*T. M. Duche & Sons* v. *United States,* 39 C. C. P. A. 186, C. A. D. 485, certiorari denied, *T. M. Duche & Sons, Inc.* v. *United States,* 344 U. S. 830, followed.)

**No. 57310.**—P. H. Petry Co. *v.* United States, protest 98148–K (New York).

Opinion by EKWALL, J.  When this case was called for trial, it was submitted on the same basis as the submission in Abstract 57282, namely, that the right to move to reopen or to set aside the submission was abandoned.  An examination of the record failing to disclose evidence sufficient to overcome the presumption of correctness attaching to the collector's classification, the protest was overruled. (*T. M. Duche & Sons* v. *United States,* 39 C. C. P. A. 186, C. A. D. 485, certiorari denied, *T. M. Duche & Sons, Inc.* v. *United States,* 344 U. S. 830, followed.)

**No. 57311.**—F. Kanematsu & Co., Ltd. *v.* United States, protests 78296–K, 78297–K, and 78298–K (New York).

Opinion by EKWALL, J.  When this case was called for trial, it was submitted on the same basis as the submission in Abstract 57282, namely, that the right to move to reopen or to set aside the submission was abandoned.  An examination of the record failing to disclose evidence sufficient to overcome the presumption of correctness attaching to the collector's classification, the protest was overruled. (*T. M. Duche & Sons* v. *United States,* 39 C. C. P. A. 186, C. A. D. 485, certiorari denied, *T. M. Duche & Sons, Inc.* v. *United States,* 344 U. S. 830, followed.)

**No. 57312.**—Joseph Victori & Co., Inc. *v.* United States, protest 199942–K (New York).

Opinion by EKWALL, J.  In accordance with stipulation of counsel that the merchandise consists of shredded or grated coconut meat in sirup, in tins, a product of Cuba, similar in all material respects to that the subject of *Allied Food Corporation of America* v. *United States* (28 Cust. Ct. 222, C. D. 1412), the claim of the plaintiff was sustained.